IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA,**
Plaintiff,

CRIMINAL NO. 15-162 (JAF)

v.

**[2] JAVIER GONZALEZ PEREZ**
a/k/a "Javier Tornillo"
Defendant.

RECEIVED & FILED
2015 JUL 29 PM 4:17
CLERK'S OFFICE
U.S. DISTRICT COURT
SAN JUAN, P.R.

**PLEA AGREEMENT**
**(Pursuant to Fed. R. Crim. P. 11(c)(1)(A) & (B))**

TO THE HONORABLE COURT:



COMES NOW, the United States of America, by and through its attorneys for the District of Puerto Rico: Rosa Emilia Rodriguez-Velez, United States Attorney, Jose A. Ruiz-Santiago, Assistant United States Attorney and Chief, Criminal Division, Myriam Fernandez, Assistant United States Attorney, Deputy Chief, Narcotics Unit, and Edward Veronda, Assistant United States Attorney, along with Defendant, **JAVIER GONZALEZ PEREZ** and his counsel, **JOSE R. GAZTAMBIDE-ANESES, ESQ.**, and **JOSEPH BOUCHER, ESQ.** and, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), state to this Honorable Court that they have reached a Plea Agreement, the terms and conditions of which are as follows:

1

1. **COUNTS TO WHICH DEFENDANT PLEADS GUILTY**

Defendant agrees to plead guilty to Count One and Count Six of the Indictment in Criminal Case No. 15-162 (JAF).

Count One of the Indictment in Criminal Case No. 15-162 (JAF) charges Defendant with, between a date unknown, but not later than the year 2000 and continuing up to and until the return of the Indictment, conspiring to possess with intent to distribute controlled substances in violation of 21 U.S.C. §§ 841(a)(1), 846, and 860.

Count Six of the Indictment in Criminal Case No. 15-162 (JAF) charges Defendant with, between a date unknown, but not later than the year 2000 and continuing up to and until the return of the Indictment, possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c).

2. **MAXIMUM PENALTIES**

Defendant understands that the penalty for COUNT ONE of the Indictment in Criminal Case No. 15-162 (JAF) is a term of imprisonment of at least ten (10) years and up to two (2) terms of life, a fine not to exceed twenty million dollars ($20,000,000.00) and a term of supervised release of not less than ten (10) years.

The penalty for the offense charged in COUNT SIX of the Indictment is a term of imprisonment of not less than five (5) years and up to life imprisonment, to be served consecutive from any other Count of conviction; and a fine not to exceed $250,000.00, and a term of supervised release up to five (5) years, all in violation of Title 18, United States Code, Section 924(c)(1)(A)(i).

## 3. SENTENCING GUIDELINES APPLICABILITY

Defendant understands that the sentence will be left entirely to the sound discretion of the Court in accordance with 18 U.S.C. §§ 3551-86, and the United States Sentencing Guidelines (hereinafter "Guidelines"), which have been rendered advisory by the United States Supreme Court decision in the consolidated cases United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005). Further, Defendant acknowledges that parole has been abolished and that the imposition of his sentence may not be suspended.

## 4. SPECIAL MONETARY ASSESSMENT

Defendant agrees to pay a special monetary assessment of one hundred dollars ($100.00), per count of conviction, to be deposited in the Crime Victim Fund, pursuant to 18 U.S.C. § 3013(a)(2)(A).

## 5. FINES AND RESTITUTION

Defendant is aware that the Court may, pursuant to U.S.S.G. § 5E1.2, order him to pay a fine sufficient to reimburse the Government for the costs of any imprisonment, probation, or supervised release ordered. The Court may also impose restitution. The United States will make no recommendations as to the imposition of fines and restitution.

## 6. RULE 11(c)(1)(B) WARNINGS

Defendant is aware that his sentence is within the sound discretion of the sentencing judge and of the advisory nature of the Guidelines, including the Guidelines Policy Statements, Application, and Background Notes. Further, Defendant understands and acknowledges that the Court is not a party to this Plea and Forfeiture Agreement and thus, is not bound by this agreement or the sentencing calculations and recommendations contained. Defendant specifically

3

acknowledges that the Court has jurisdiction and authority to impose any sentence within the statutory maximum set for the offense to which Defendant is pleading guilty. Defendant is aware that the Court may accept or reject the Plea and Forfeiture Agreement, or may defer its decision whether to accept or reject the Plea and Forfeiture Agreement until it has considered the pre-sentence investigation report. See Fed. R. Crim. P. 11(c)(3)(A). Should the Court impose a sentence up to the maximum established by statute, Defendant cannot, for that reason alone, withdraw his guilty plea, and will remain bound to fulfill all of the obligations under this Plea and Forfeiture Agreement. See Fed. R. Crim. P. 11(c)(3)(B).

7. **APPLICABILITY OF UNITED STATES SENTENCING GUIDELINES**

Defendant is aware that pursuant to the decisions issued by the Supreme Court of the United States in the cases of United States v. Booker and United States v. Fanfan, 543 U.S. 220 (2005), the Guidelines are no longer mandatory and must be considered effectively advisory. Therefore, after due consideration of the relevant factors enumerated in 18 U.S.C. § 3553(a), the United States and Defendant submit the following advisory Guideline calculations:

| 2015 UNITED STATES SENTENCING GUIDELINES CALCULATION TABLE < COUNT ONE > 21 U.S.C. § 846 | | |
|---|---|---|
| **Base Offense Level** [§ 2D1.1(c)(2) & § 2D1.1(a)(5)] | Parties stipulate that defendant is responsible for at least 5 kilograms but less than 15 kilograms of cocaine | 30 |
| **Specific Offense Characteristics** | Protected Location, U.S.S.G. § 2D1.2(a)(1) | +2 |
| **Specific Offense Characteristics** | Supervisory Role, U.S.S.G. §3B1.1(c) | +2 |
| **Adjustment** [§ 3E1.1(a)&(b)] | Defendant timely accepted responsibility and offense level is 16 or more | -3 |
| **TOTAL ADJUSTED OFFENSE LEVEL** | | 31 |

| Sentencing Ranges | TOL | CHC I | CHC II | CHC III | CHC IV | CHC V | CHC VI |
|---|---|---|---|---|---|---|---|
| | 31 | 108-135 | 121-151 | 135-168 | 153-188 | 168-210 | 188-235 |

8. **NO STIPULATION AS TO CRIMINAL HISTORY CATEGORY**

The parties do not stipulate as to any Criminal History Category for Defendant.

9. **SENTENCE RECOMMENDATION**

The parties agree that the United States will request a sentence of 180 months, (120 months for Count 1, consecutive to 60 months of Count Six), and the defense may also request a sentence of 180 months. **The defendant acknowledges there is a mandatory minimum sentence of one hundred and twenty (120) months, consecutive to any sentence received in COUNT SIX.**

**The defendant acknowledges there is a mandatory minimum sentence of sixty (60) months, consecutive to any sentence received in COUNT ONE.**

5

**10. WAIVER OF APPEAL**

Defendant knowingly and voluntarily waives the right to appeal the judgment and sentence in this case, provided that Defendant is sentenced in accordance with the terms and conditions set forth in the Sentence Recommendation provisions of this Plea Agreement.

**11. NO FURTHER ADJUSTMENTS OR DEPARTURES**

The United States and Defendant agree that no further adjustments or departures to Defendant's total adjusted base offense level and no variance sentence under 18 U.S.C. § 3553 shall be sought by either party. The parties agree that any request by either party for an adjustment or departure will be considered a material breach of this Plea Agreement, in which case, the Plea Agreement will be annulled and Defendant's rights as enumerated in paragraph thirteen (13) will be reinstated.



**12. SATISFACTION WITH COUNSEL**

Defendant represents to the Court that he is satisfied with counsel, **JOSE R. GAZTAMBIDE-ANESES, ESQ.,** and **JOSEPH BOUCHER, ESQ.** and asserts that counsel has rendered effective legal assistance.

**13. RIGHTS SURRENDERED BY DEFENDANT THROUGH GUILTY PLEA**

Defendant understands that by entering into this Plea Agreement he surrenders certain rights as provided in this agreement. Defendant understands that the rights of criminal Defendants include the following:

  a. If Defendant had persisted in a plea of not guilty to the charges, Defendant would have had the right to a speedy jury trial with the assistance of counsel. The trial may be conducted by a judge sitting without a jury if Defendant, the United States and the judge agree.

b. If a jury trial is conducted, the jury would be composed of twelve lay persons selected at random. Defendant and Defendant's attorney would assist in selecting the jurors by removing prospective jurors for cause where actual bias or other disqualification is shown, or by removing prospective jurors without cause by exercising peremptory challenges. The jury would have to agree, unanimously, before it could return a verdict of either guilty or not guilty. The jury would be instructed that Defendant is presumed innocent, that it could not convict Defendant unless, after hearing all the evidence, it was persuaded of Defendant's guilt beyond a reasonable doubt, and that it was to consider each charge separately.

c. If a trial is held by the judge without a jury, the judge would find the facts and, after hearing all the evidence and considering each count separately, determine whether or not the evidence established Defendant's guilt beyond a reasonable doubt.

d. At a trial, the United States would be required to present its witnesses and other evidence against Defendant. Defendant would be able to confront those witnesses and Defendant's attorney would be able to cross-examine them. In turn, Defendant could present witnesses and other evidence on Defendant's own behalf. If the witnesses for Defendant would not appear voluntarily, Defendant could require their attendance through the subpoena power of the Court.

e. At a trial, Defendant could rely on the privilege against self-incrimination to decline to testify, and no inference of guilt could be drawn from Defendant's refusal to testify. If Defendant desired to do so, Defendant could testify on Defendant's own behalf.



**14. STIPULATION OF FACTS**

The accompanying Stipulation of Facts signed by Defendant is hereby incorporated into this Plea Agreement. Defendant adopts the Stipulation of Facts and agrees that the facts therein are accurate in every respect and, had the matter proceeded to trial, that the United States would have proven those facts beyond a reasonable doubt.

**15. LIMITATIONS OF PLEA AGREEMENT**

This Plea Agreement binds only the United States Attorney's Office for the District of Puerto Rico and Defendant. It does not bind any other federal district, state, or local authorities.

16. **ENTIRETY OF PLEA AGREEMENT**

This written agreement constitutes the complete Plea Agreement between the United States, Defendant, and Defendant's counsel. The United States has made no promises or representations except as set forth in writing in this Plea Agreement and deny the existence of any other term and conditions not stated herein.

17. **AMENDMENTS TO PLEA AGREEMENT**

No other promises, terms or conditions will be entered unless in writing and signed by all parties.

18. **VOLUNTARINESS OF GUILTY PLEA**

Defendant acknowledges that no threats have been made against him and that he is pleading guilty freely and voluntarily because he is guilty.

19. **DISMISSAL OF OTHER COUNTS**

At sentencing, the United States will request the dismissal of all remaining counts in Criminal Case Nos. 15-162 (JAF).



Failure to file this fully signed plea agreement as an attachment to the change of plea motion <u>on or before July 20, 2015</u> will liberate the United States from any and all of its obligations, stipulations and recommendations under this plea agreement.

ROSA EMILIA RODRÍGUEZ-VÉLEZ
United States Attorney

_____
Jose Ruiz-Santiago
Assistant U.S. Attorney
Chief, Criminal Division
Dated: 7\10\15

_____
Myriam Fernandez
Assistant U.S. Attorney
Deputy Chief, Narcotics Unit
Dated: 7.1.2015

_____
Edward Veronda
Assistant U.S. Attorney
Dated: 6/30/15

_____
JOSE R. GAZTAMBIDE-ANESES, ESQ.
Counsel for Defendant
Dated: 7/29/2015

_____
JOSEPH BOUCHER, ESQ.
Counsel for Defendant
Dated: 7/29/15

_____
JAVIER GONZALEZ PEREZ
Defendant
Dated: 7/29/15

## UNDERSTANDING OF RIGHTS

I have consulted with my counsel and fully understand all of my rights with respect to the Superseding Indictment pending against me. Further, I have consulted with my attorney and fully understand my rights with respect to the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u> which may apply in my case. I have read this Plea Agreement and carefully reviewed every part of it with my attorney. My counsel has translated the plea agreement it to me in the Spanish language and I have no doubts as to the contents of the agreement. I fully understand this agreement and voluntarily agree to it.

Date: 7/29/15

JAVIER GONZALEZ PEREZ
Defendant

I am the attorney for Defendant. I have fully explained Defendant's rights to Defendant with respect to the pending Superseding Indictment. Further, I have reviewed the provisions of the <u>Sentencing Guidelines</u>, <u>Policy Statements</u>, <u>Application</u>, and <u>Background Notes</u>, and I have fully explained to Defendant the provisions of those guidelines which may apply in this case. I have carefully reviewed every part of this Plea Agreement with Defendant. I have translated the plea agreement and explained it in the Spanish language to the Defendant who has expressed having no doubts as to the contents of the agreement. To my knowledge, Defendant is entering into this Plea Agreement voluntarily, intelligently, and with full knowledge of all consequences of Defendant's plea of guilty.

Date: 7/29/2015

JOSE R. GAZTAMBIDE-ANESES
Counsel for Defendant

Date: 7/29/2015

JOSEPH BOUCHER
Counsel for Defendant

10

## STIPULATION OF FACTS

In conjunction with the submission of the accompanying Plea Agreement in this case, the United States of America submits the following statement setting forth the United States' version of the facts leading to Defendant's acceptance of criminal responsibility for Defendant's violations of 21 U.S.C. §§ 841(a)(1), 846, and 860, and 18 U.S.C. §924(c). Had this matter proceeded to trial, the United States would have presented evidence through the testimony of cooperating witnesses, victims, and experts, as well as physical evidence and documentary evidence, which would have proven beyond a reasonable doubt the following:

### I. Criminal Case No. 15-162 (JAF)

Beginning on a date unknown, but no later than in or about the year 2000, and continuing up to and until the return of the Indictment, in the Municipality of Manati, in the District of Puerto Rico, and within the jurisdiction of this Court, Defendant and other persons did knowingly and intentionally, combine, conspire, and agree with each other and with diverse other persons known and unknown to the Grand Jury, to commit an offense against the United States, that is, to knowingly and intentionally possess with intent to distribute and to distribute controlled substances, to wit: in excess of two hundred and eighty (280) grams of cocaine base (crack), a Schedule II Narcotic Drug Controlled Substance; in excess of one (1) kilogram of heroin, a Schedule I, Narcotic Drug Controlled Substance; in excess of five (5) kilograms of cocaine, a Schedule II, Narcotic Drug Controlled Substance; in excess of one hundred (100) kilograms of marijuana, a Schedule I, Controlled Substance; a mixture or substance containing detectable amounts of Oxycodone (commonly known as Percocet), a Schedule II Controlled Substance; and a mixture or substance containing detectable amounts of Alprazolam (commonly known as

Xanax), a Schedule IV Controlled Substance within one-thousand (1,000) feet of the real property comprising the Enrique Zorilla Public Housing Project, a housing facility owned by a public housing authority, and other areas nearby and within the Municipality of Manati, Puerto Rico. All in violation of 21 U.S.C. §§ 841(a)(1), 846 and 860.

The defendant, **[2] JAVIER GONZALEZ PEREZ,** also acknowledges that he did knowingly and unlawfully carry firearms as that term is defined in Title 18, United States Code, Section 921(a)(3), during and in relation to a drug trafficking crime as charged in count one of the instant Indictment. All in violation of Title 18, United States Code, § 924(c)(1)(A).

The object of the conspiracy was the large scale distribution of controlled substances at the Enrique Zorilla Public Housing Project, the Los Murales Public Housing Project, the Cortes Ward, the San Jose Ward, the Acueducto Ward, all located in the Municipality of Manati, Puerto Rico. The conspiracy also distributed controlled substances at V & B Public Housing Project in the Municipality of Barceloneta, Puerto Rico, and the Villas de Florida Public Housing Project, located in the Municipality of Florida, Puerto Rico, all for significant financial gain and profit. Defendant acted as the leader of the drug trafficking organization. As a leader the defendant directly controlled and supervised the drug trafficking activities at the drug distribution point located at the V & B Public Housing Project, in the Municipality of Barceloneta, the drug distribution point located at San Jose Ward, in the Municipality of Manati; and the drug distribution point at Villas de Florida Public Housing Project, in the Municipality of Florida, Puerto Rico. The defendant acknowledges that he would carry firearms during and in relation to drug trafficking activities. While multiple kilograms of heroin, cocaine, cocaine base and marijuana were distributed during the conspiracy, for purposes of this plea agreement the

defendant acknowledges that during the span of the conspiracy he possessed with intent to distribute at least at least five (5) kilograms but less than 15 kilograms of cocaine. Full discovery was timely disclosed to the defense.

_____
**Edward Veronda**
Assistant United States Attorney
Dated: 7/28/15

_____
**JOSEPH BOUCHER, ESQ.**
Counsel for Defendant
Dated: 7/29/2015

_____
**JOSE R. GAZTAMBIDE-ANESES, ESQ.**
Counsel for Defendant
Dated: 7/29/2015

_____
**JAVIER GONZALEZ PEREZ**
Defendant
Dated: 7/29/15

13