```
 1              UNITED STATES DISTRICT COURT

 2                 DISTRICT OF PUERTO RICO

 3

    UNITED STATES OF AMERICA,
 4
                     Plaintiff,
 5    v.                                Docket No. 15-162

 6                                      San Juan, Puerto Rico
    JAVIER GONZALEZ PEREZ,
 7  ROBERTO MALDONADO RODRIGUEZ, AND
    CHRISTIAN RODRIGUEZ RIVERA          July 29, 2015
 8
                     Defendants.
 9  _____

10                   CHANGES OF PLEA

11        BEFORE THE HONORABLE JUDGE JOSÉ A. FUSTÉ,

12            UNITED STATES DISTRICT JUDGE.

13    _____

14  APPEARANCES:

15  For the Government:      Mr. Edward Veronda, AUSA

16

17  For the Defendants:      Mr. Jose Gaztambide, Esq.
                             Mr. Francisco Adams, Esq.
18                           Mr. Thomas Lincoln, Esq.

19

20

21

22

23

24  Proceedings recorded by stenography.  Transcript produced by
    CAT.
25
```

1                              I N D E X

2   WITNESSES:                                        PAGE

3        None offered.

4

5   EXHIBITS:

6        None offered.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
 1                                      San Juan, Puerto Rico

 2                                      July 29, 2015

 3                                      At or about 2:02 PM

 4                          *      *      *

 5           COURTROOM DEPUTY:  Criminal case 15-162, USA versus

 6   Javier Gonzalez Perez, Roberto Maldonado Rodriguez, and

 7   Christian Rodriguez Rivera for change of plea hearing.  On

 8   behalf of the government, Edward Veronda.  On behalf of

 9   defendants, Jose Gaztambide, Francisco Adams and Thomas

10   Lincoln.

11           The services of the court interpreter are being

12   provided to the defendants.

13           MR. VERONDA:  Good morning, Your Honor -- or good

14   afternoon, Your Honor.  The United States is ready to

15   proceed.

16           THE COURT:  Javier Gonzalez is which one?

17           And the gentleman -- your name is?  I'm sorry.

18           DEFENDANT MALDONADO RODRIGUEZ:   Roberto Maldonado.

19           THE COURT:  Okay.  Mr. Maldonado.

20           And Mr. Rodriguez, correct?

21           DEFENDANT RODRIGUEZ RIVERA:  (Nodding head up and

22   down.)

23           THE COURT:  Very well.  The three of you signed Plea

24   Agreements that require you to plead guilty to -- the three of

25   you are pleading guilty to Count I of the Indictment.  And
```

1    Mr. Gonzalez and Mr. Maldonado are also pleading guilty to

2    Count VI of the Indictment.  Actually, the three of you are

3    pleading to Counts I and VI.

4         And this is for having participated in a conspiracy

5    to possess with intent to distribute narcotics in the area of

6    Manati I think it is.  And also for using and carrying

7    firearms in reference to drug trafficking crimes.

8         Do you understand that, Mr. Rodriguez?

9         DEFENDANT RODRIGUEZ RIVERA:  Yes, Your Honor.

10        THE COURT:  And Mr. Maldonado?

11        DEFENDANT MALDONADO RODRIGUEZ:  Yes.

12        THE COURT:  Mr. Gonzalez?

13        DEFENDANT GONZALEZ PEREZ:  Yes.

14        THE COURT:  Very well.  Before I accept your pleas, I

15   will have to ask you a number of questions.  This will be done

16   under oath.  You have to give me truthful, complete answers.

17   If you don't, you may be liable for additional penalties for

18   perjury or makings false statement.

19        Bear in mind throughout this process we're going to

20   ask you questions about the facts of the case, and when you

21   confirm that the facts occurred, you will be for all purposes

22   waiving your right not to incriminate yourself.

23        Do you understand that, Mr. Rodriguez?

24        DEFENDANT RODRIGUEZ RIVERA:  I do.

25        THE COURT:  Mr. Maldonado?

1    DEFENDANT MALDONADO RODRIGUEZ:   Yes.

2    THE COURT:  Mr. Gonzalez?

3    DEFENDANT GONZALEZ PEREZ:  Yes.

4    THE COURT:  Very well.  The defendants will be

5 sworn.

6    COURTROOM DEPUTY:  Raise your right hand.

7    Do you solemnly swear that the testimony you are

8 about to give in this case is the truth, the whole truth, and

9 nothing but the truth, so help you God?

10    DEFENDANT RODRIGUEZ RIVERA:  Yes.

11    DEFENDANT MALDONADO RODRIGUEZ:   Yes.

12    DEFENDANT GONZALEZ PEREZ:  Yes.

13    THE COURT:  Very well.  Let me ask some general

14 questions first to Mr. Rodriguez.  Your complete name is

15 Christian Rodriguez Rivera, correct?

16    DEFENDANT RODRIGUEZ RIVERA:  Yes, Your Honor.

17    THE COURT:  And your nickname is Cuso.

18    DEFENDANT RODRIGUEZ RIVERA:  Yes, Your Honor.

19    THE COURT:  And what is your age, sir?

20    DEFENDANT RODRIGUEZ RIVERA:  36.

21    THE COURT:  And how far did you go in school, sir?

22    DEFENDANT RODRIGUEZ RIVERA:  11th grade,

23 third-year.

24    THE COURT:  And what do you do for a living or what

25 have you done for a living in the past?

1          DEFENDANT RODRIGUEZ RIVERA:  No.  I've been in prison

2     for eight years.

3          THE COURT:  Okay.  I see.

4          Okay.  Have you taken any drugs, medications, pills,

5     alcoholic beverage in the past 24 hours?  Anything that may

6     effect your ability to understand what is happening here

7     today?

8          DEFENDANT RODRIGUEZ RIVERA:  (Shaking head from side

9     to side.)

10          THE COURT:  No?

11          DEFENDANT RODRIGUEZ RIVERA:  No, Your Honor.

12          THE COURT:  Do you feel competent to plead, capable

13     of entering a plea in this case with knowledge of

14     consequences, knowing that a conviction is going to occur and

15     that you will be sentenced in this case, also?

16          DEFENDANT RODRIGUEZ RIVERA:  Yes, Your Honor.

17          THE COURT:  Have you discussed this case with your

18     lawyer, Mr. Lincoln, who is here with you?

19          DEFENDANT RODRIGUEZ RIVERA:  Yes, I have.

20          THE COURT:  Are you satisfied with the services he's

21     rendering for you in this case?

22          DEFENDANT RODRIGUEZ RIVERA:  Well, I've explained to

23     the attorney, I've been in prison for eight years.  And I've

24     explained to him some details regarding what can be done

25     regarding the sentence.

1          He told me that he's going to make allegations later

2     on to see what can be done about that later.

3          THE COURT:  Well, I think that's exactly what he can

4     do.  Let me explain that part to you.  If you plead guilty in

5     this case, a Presentence Report will be ordered.  And then in

6     that Presentence Report, I will have a complete history of who

7     you are and of the different convictions that you have.

8          And only under those circumstance, he will be able to

9     and I will be able to figure out, for example, if some of the

10    things that you have in the past are relevant conduct to this

11    case or not; whether some of the things that happened in the

12    past can be somehow credited towards this or not; whether they

13    can be consecutive or concurrent sentences.

14         It all depends on many factors, sir, that I can't

15    tell you now, nor can he tell you now, unless that PSI is

16    first seen.  Do you understand that, sir?

17         DEFENDANT RODRIGUEZ RIVERA:  I understand.

18         THE COURT:  Very well.  So you're satisfied with the

19    services he's rendering for you otherwise?

20         DEFENDANT RODRIGUEZ RIVERA:  Yes, Your Honor.

21         THE COURT:  Very well.  Mr. Maldonado, your complete

22    name appears to be Roberto Maldonado Rodriguez?

23         DEFENDANT MALDONADO RODRIGUEZ:   Yes.

24         THE COURT:  According to these papers, you have at

25    least two nicknames known, Robert El Calvo and Robert Cortes.

1  Is that true?

2          DEFENDANT MALDONADO RODRIGUEZ:   Yes.  El Calvo,

3  yes.

4          THE COURT:  What about Robert Cortes?  No?

5          DEFENDANT MALDONADO RODRIGUEZ:   No.

6          THE COURT:  Okay.  And what is your age now,

7  Mr. Maldonado?

8          DEFENDANT MALDONADO RODRIGUEZ:   39.

9          THE COURT:  And how far did you go in school?

10          DEFENDANT MALDONADO RODRIGUEZ:   9th grade.

11          THE COURT:  And do you have a working history?

12          DEFENDANT MALDONADO RODRIGUEZ:   Yes.

13          THE COURT:  Like doing what for example?

14          DEFENDANT MALDONADO RODRIGUEZ:  I worked in dairy

15  farms.  I worked in sound --

16          THE COURT:  Trucks?

17          DEFENDANT MALDONADO RODRIGUEZ:   Trucks.  I drove

18  trucks.  Construction.  Mechanics.

19          THE COURT:  Okay.  Have you taken any drugs,

20  medications, pills, alcoholic beverages in the past 24 hours?

21  I am looking for substances that could effect somebody's

22  ability to understand what is happening here today.

23          DEFENDANT MALDONADO RODRIGUEZ:   No.

24          THE COURT:  Very well.  Do you feel competent to

25  plead?  That means capable of entering a plea of guilty with

1  knowledge of consequences, knowing that these things carry

2  convictions, and that you will be sentenced accordingly

3  eventually.

4           DEFENDANT MALDONADO RODRIGUEZ:   Yes.

5           THE COURT:  Very well.  And you have discussed this

6  case with your lawyer who is here with you?

7           DEFENDANT MALDONADO RODRIGUEZ:   Yes.

8           THE COURT:  And are you satisfied with the work

9  Mr. Adams is doing for you in this case?

10          DEFENDANT MALDONADO RODRIGUEZ:   Yes.

11          THE COURT:  Very well.  Mr. Gonzalez, your complete

12  name appears to be Javier Gonzalez Perez; and your nickname,

13  some people know you as Javier Tornilla or Tornillo; is that

14  true?

15          DEFENDANT GONZALEZ PEREZ:  Yes.

16          THE COURT:  And what is your age?

17          DEFENDANT GONZALEZ PEREZ:  33.

18          THE COURT:  And the schooling, how far did you go in

19  school?

20          DEFENDANT GONZALEZ PEREZ:  12th grade.

21          THE COURT:  And work history?  Don't worry.  Don't

22  worry.  What is your work history?

23          DEFENDANT GONZALEZ PEREZ:  I work in a bakery, Casa

24  de Los Tornilla.  And at a gym, also.

25          THE COURT:  So the nickname of Javier Tornilla is

1   because you worked in La Casa de Tornilla?

2           DEFENDANT GONZALEZ PEREZ:  Yes.  I worked in that

3   store for about eight years.

4           THE COURT:  Very well.  I understand.

5           DEFENDANT GONZALEZ PEREZ:  That's why they call me

6   Tornilla.

7           THE COURT:  Okay.  And let me ask you something.  You

8   have taken any drugs, alcoholic beverages, pills, any

9   medication, anything that could effect your understanding of

10  what is happening here today?

11          DEFENDANT GONZALEZ PEREZ:  No.

12          THE COURT:  Do you feel competent to plead, capable

13  of entering a plea of guilty knowing that this is something

14  that involves a conviction, and that you will be sentenced

15  accordingly?

16          DEFENDANT GONZALEZ PEREZ:  Correct.

17          THE COURT:  Very well.  You have discussed this case

18  with Mr. Gaztambide?

19          DEFENDANT GONZALEZ PEREZ:  Correct.

20          THE COURT:  Are you satisfied with the services he's

21  giving you?

22          DEFENDANT GONZALEZ PEREZ:  Yes.

23          THE COURT:  Very well.  And, Counsel, the three of

24  you understand that your clients are competent to plead,

25  correct?

1          MR. GAZTAMBIDE:  Yes, Your Honor.

2          MR. ADAMS:  Yes, Your Honor.

3          MR. LINCOLN:  Yes, Your Honor.

4          THE COURT:  Very well.  Listen to this, the three of

5    you.  When somebody pleads guilty in a Federal case, you are

6    waiving a number of rights.  The first right you waive is the

7    constitutional right to trial by jury.  When somebody pleads,

8    there will be no trial by jury or trial of any kind.

9          Do you understand that, Mr. Rodriguez?

10         DEFENDANT RODRIGUEZ RIVERA:  I do.

11         THE COURT:  Mr. Maldonado?

12         DEFENDANT MALDONADO RODRIGUEZ:   Yes.

13         THE COURT:  Mr. Gonzalez?

14         DEFENDANT GONZALEZ PEREZ:  Yes.

15         THE COURT:  Next you waive the right to the

16   presumption of innocence.  That is the right that you have to

17   force the government to put up a case and try to prove your

18   guilt beyond a reasonable doubt by competent evidence.  You

19   don't have to prove your innocence.

20         Do you understand that, Mr. Rodriguez?

21         DEFENDANT RODRIGUEZ RIVERA:  I do.

22         THE COURT:  Mr. Maldonado?

23         DEFENDANT MALDONADO RODRIGUEZ:  Yes.

24         THE COURT:  Mr. Gonzalez?

25         DEFENDANT GONZALEZ PEREZ:  Yes.

1          THE COURT:  Next you waive the right to a public

2     trial.  A public trial is a trial in an open courtroom.  It's

3     not a secret trial.  It's open.  People can visit.  Your

4     family can be here.  Your lawyer is with you.  Your lawyer

5     represents you.  All the evidence has to come before you.

6          You are entitled to hear the testimony of all

7     witnesses against you.  You are entitled to see the evidence,

8     the real evidence and the documentary evidence that may be the

9     object of proof.  You are entitled to have your lawyer object

10    to evidence.  You can actually ask your lawyer to present a

11    defense for you, present a defense case for you if you want

12    that to happen.

13          Do you understand that, Mr. Rodriguez?  That is also

14    waived.

15          DEFENDANT RODRIGUEZ RIVERA:  Yes, I understand.

16          THE COURT:  Mr. Maldonado?

17          DEFENDANT MALDONADO RODRIGUEZ:   Yes.

18          THE COURT:  Do you understand that, Mr. Gonzalez?

19          DEFENDANT GONZALEZ PEREZ:  Yes.

20          THE COURT:  In a trial, any defendant can decide to

21    be his own witness, to testify and defend himself through his

22    testimony.  You could do that.  But you could also decide to

23    remain silent.  And if you remain silent, nobody can use your

24    silence against you.

25          The silence of the accused is protected by the

1   Constitution, and it is impermissible to make an inference

2   that because you may have remained silent, you must be guilty.

3   That cannot be done.

4           Do you understand that, Mr. Rodriguez?

5           DEFENDANT RODRIGUEZ RIVERA:  Yes.

6           THE COURT:  Mr. Maldonado?

7           DEFENDANT MALDONADO RODRIGUEZ:   Yes.

8           THE COURT:  Mr. Gonzalez?

9           DEFENDANT GONZALEZ PEREZ:  Yes.

10          THE COURT:  Very well.  You people have seen the

11  charging document, the Indictment in this case?  The

12  accusation?  You have seen it?

13          DEFENDANT RODRIGUEZ RIVERA:  Yes, Your Honor.

14          DEFENDANT MALDONADO RODRIGUEZ:   Yes.

15          DEFENDANT GONZALEZ PEREZ:  Yes.

16          THE COURT:  Count I is a drug conspiracy count.

17  Count VI is a firearms count.  Let me explain that to you.

18          The drug conspiracy count, Count I, basically charges

19  you with the following.  That during a particular period of

20  time you decided to join a group of people who were conspiring

21  or actually conspired with each other to commit a crime

22  against the United States, which is the possession with intent

23  to distribute controlled substances, drugs.

24          The allegations are to the effect that this

25  distribution took place in something that is known as

1    protected areas, actually, and typically public housing

2    projects owned by public housing authorities.  When

3    distribution happens in these areas or within 1,000 feet of

4    those areas, the penalties usually are higher.  That's why

5    that allegation is made.

6          The Count also alleges that you people in the

7    conspiracy acted knowingly, willfully and unlawfully.  That

8    is, with a bad purpose to disobey or disregard the law, and

9    not because of a mistake, not because of an accident, not

10   because of an innocent reason.

11         Okay.  The government also -- the Count also says

12   that several kinds of drugs were distributed, possessed and

13   distributed in this drug conspiracy:  One kilo or more of

14   heroin; 280 grams or more of cocaine; five kilograms or more

15   of powder cocaine; 100 kilograms or more of marijuana; and

16   sometimes also medications.  Not in this case -- or there are

17   medications in this case, also?  There are.

18         MR. VERONDA:  Yes, Your Honor.

19         THE COURT:  Percocet and Xanax, which are medications

20   which if they are sold in the streets illegally, that's a

21   drug.  That's the allegation in Count I.

22         Do the three of you understand that?  Mr. Rodriguez?

23         DEFENDANT RODRIGUEZ RIVERA:  I understand.

24         THE COURT:  Mr. Maldonado?

25         DEFENDANT MALDONADO RODRIGUEZ:   Yes.  Yes.

1       THE COURT:  Mr. Gonzalez?

2       DEFENDANT GONZALEZ PEREZ:  Yes.

3       THE COURT:  The other count, Count VI, is a firearms

4  count.  What that count says is that while you were members of

5  this conspiracy, each one of you used and carried firearms in

6  furtherance of that drug trafficking crime, the conspiracy to

7  possess with intent to distribute narcotics.  That's what the

8  charge is about.

9       Do you understand that, Mr. Rodriguez?

10      DEFENDANT RODRIGUEZ RIVERA:  I understand.

11      THE COURT:  Mr. Maldonado?

12      DEFENDANT MALDONADO RODRIGUEZ:  Yes.

13      THE COURT:  Mr. Gonzalez?

14      DEFENDANT GONZALEZ PEREZ:  Yes.

15      THE COURT:  So what the government has to prove is

16  how this all happened, all the different details:  When; who

17  were the members of the conspiracy; what each person did;

18  where did it happen; the issue of the housing project and the

19  distance of the 1,000 foot rule that I mentioned before; and

20  that all of you acted knowingly, willfully and unlawfully with

21  a bad purpose to disobey or disregard the law.

22      Understood, Mr. Rodriguez?

23      DEFENDANT RODRIGUEZ RIVERA:  I understand.

24      THE COURT:  Mr. Maldonado?

25      DEFENDANT MALDONADO RODRIGUEZ:   Yes.

1          THE COURT:  Mr. Gonzalez?

2          DEFENDANT GONZALEZ PEREZ:  Yes.

3          THE COURT:  A conspiracy, I'm pretty sure your

4     lawyers have explained this to you, but I will repeat it, is

5     an agreement to make a crime happen in the context of drug

6     distribution.  The mere agreement is the crime.  If two

7     persons agree to possess with intent to distribute cocaine,

8     even if you didn't actually distribute, that is the crime, the

9     agreement, the meeting of the minds.

10          Then the government will prove what each one of you

11    did.  And you should know that in a conspiracy context, you

12    are liable not only for your personal conduct in furtherance

13    of the conspiracy, but you are also liable for the acts of

14    others as long as those acts were reasonably foreseeable to

15    you as members of the conspiracy.

16          That is the bad thing about conspiracy law.  One of

17    you may be selling cocaine.  The other individual may be

18    selling guns for the organization, or marijuana, or heroin.

19    And you know about it, therefore you are also responsible for

20    that.  That's the context of that.

21          Do you understand that, Mr. Rodriguez?

22          DEFENDANT RODRIGUEZ RIVERA:  I understand.

23          THE COURT:  Mr. Maldonado?

24          DEFENDANT MALDONADO RODRIGUEZ:   Yes.

25          THE COURT:  Mr. Gonzalez?

1      DEFENDANT GONZALEZ PEREZ:  Yes.

2          THE COURT:  Possessing with intent to distribute

3   means having the drugs with the purpose of passing them to

4   others by sale or otherwise.  How much money was involved is

5   of no consequence.  It could be for free.  You could have been

6   given drugs for free, and that's still distribution.

7          Do you understand that, Mr. Rodriguez?

8          DEFENDANT RODRIGUEZ RIVERA:  I understand.

9          THE COURT:  Mr. Maldonado?

10         DEFENDANT MALDONADO RODRIGUEZ:   Yes.

11         THE COURT:  Mr. Gonzalez?

12         DEFENDANT GONZALEZ PEREZ:  Yes.

13         THE COURT:  The government has to prove also the kind

14   of drugs and the amount of drugs involved.  Why?  Because

15   those amounts, especially the ones alleged in the Indictment,

16   the ones that I just mentioned a minute ago, trigger very

17   specific statutory mandatory minimum terms of imprisonment

18   under Title 21 of the U.S. Code.  That's why that allegation

19   is made.

20         Do you understand that, Mr. Rodriguez?

21         DEFENDANT RODRIGUEZ RIVERA:  I understand.

22         THE COURT:  Mr. Maldonado?

23         DEFENDANT MALDONADO RODRIGUEZ:   Yes.

24         THE COURT:  Mr. Gonzalez?

25         DEFENDANT GONZALEZ PEREZ:  Yes.

1          THE COURT:  Then the government will prove how the

2    distribution took place; whether the drugs were sold in one

3    point, or different drugs points, or in one housing project,

4    or in more than one housing project, or in one housing project

5    and other places; who was the seller; who was the runner; who

6    was the enforcer.  All those details will come in the

7    evidence.

8          And the evidence will also show that the three of

9    you, during the conspiracy, used and carried firearms in

10   furtherance of the drug trafficking crime.  In other words, as

11   part of the drug trafficking crime, to help yourselves during

12   the commission of that crime.

13         And when we talk about firearms, we're talking about

14   guns or rifles, the real thing, not toys.  Weapons, firearms,

15   that can actually shoot projectiles.  That's what we mean.

16         Do you understand that, Mr. Rodriguez?

17         DEFENDANT RODRIGUEZ RIVERA:  I understand.

18         THE COURT:  Mr. Maldonado?

19         DEFENDANT MALDONADO RODRIGUEZ:   Yes.

20         THE COURT:  Mr. Gonzalez?

21         DEFENDANT GONZALEZ PEREZ:  Yes.

22         THE COURT:  Very well.  Any doubt about the kind of

23   charges you're pleading guilty to?  Mr. Rodriguez?

24         DEFENDANT RODRIGUEZ RIVERA:  No.

25         THE COURT:  Mr. Maldonado?

1    DEFENDANT MALDONADO RODRIGUEZ:    No.

2    THE COURT:  Mr. Gonzalez?

3    DEFENDANT GONZALEZ PEREZ:  No.

4    THE COURT:  Let's talk about the penalties.  Under

5    the law, there is a ten year statutory mandatory minimum if

6    convicted as charged in the Indictment; a maximum of life

7    imprisonment; a fine that can go as high as 20 million

8    dollars; supervised release of at least ten years; plus the

9    payment of a special monetary assessment.  The monetary

10   assessment goes to a Victims Compensation Fund created by law.

11   Do you understand that, Mr. Rodriguez?

12   DEFENDANT RODRIGUEZ RIVERA:  I understand.

13   THE COURT:  Mr. Maldonado?

14   DEFENDANT MALDONADO RODRIGUEZ:    Yes.

15   THE COURT:  Mr. Gonzalez?

16   DEFENDANT GONZALEZ PEREZ:  Yes.

17   THE COURT:  In Federal Court, there are no suspended

18   sentences.  Probation is not an alternative for this kind of

19   case.  Parole has been abolished.  That means your cases will

20   not go before the parole board.  You will not be released on

21   parole.  You will have to serve your sentences from beginning

22   to end.

23   Do you understand that, Mr. Rodriguez?

24   DEFENDANT RODRIGUEZ RIVERA:  I understand.

25   THE COURT:  Mr. Maldonado?

1          DEFENDANT MALDONADO RODRIGUEZ:   Yes.

2          THE COURT:  Mr. Gonzalez?

3          DEFENDANT GONZALEZ PEREZ:  Yes.

4          THE COURT:  Regarding the drug count, you should also

5    know that I will have to consult the sentencing guidelines

6    manual, which contains sentencing principles promulgated by

7    the Sentencing Commission.  And that manual will suggest what

8    kind of sentence you should get for the drug count.

9          I will not give you a final calculation today.  What

10   you will get today is an approximation, if you will, an

11   estimate that has been prepared and probably placed in the

12   Plea Agreements.  But that can change one way or the other.

13   We don't know yet.

14         Yes, Mr. Veronda?

15         MR. VERONDA:  Your Honor, are you also going to

16   instruct the defendants on the minimum penalty for 924(c)?

17         THE COURT:  I'm not there yet.

18         MR. VERONDA:  Okay.

19         THE COURT:  I'm still on the drugs.

20         Do you understand that, that the advisory guidelines,

21   the advisory guidelines will be consulted, and the advisory

22   guidelines will tell me what are the -- what is the pattern of

23   sentencing for a case you have just like yours in reference to

24   the drugs?  You will consider kind of drug that you're

25   responsible for, amount of drug you're responsible for, any

```
1    criminal record that you may have, whether you have a
2    particular role in the offense or not, things of the sort.
3             This is not an all inclusive list.  I'm just giving
4    you some examples.  Understood, Mr. Rodriguez?
5             DEFENDANT RODRIGUEZ RIVERA:  Yes.
6             THE COURT:  Mr. Maldonado?
7             DEFENDANT MALDONADO RODRIGUEZ:   Yes.
8             THE COURT:  Mr. Gonzalez?
9             DEFENDANT GONZALEZ PEREZ:  Yes.
10            THE COURT:  Now, let's now go to the firearms count,
11   Count VI.  That count has very limited guideline application,
12   because what the manual tells us is that the guideline for
13   that kind of case is the statutory mandatory minimum of five
14   years that is provided by law.  And it can go up to life
15   imprisonment with reference to the gun.  The maximum fine is
16   $250,000.  The supervised release cannot be more than five
17   years.
18            Do you understand that Mr. Rodriguez?
19            DEFENDANT RODRIGUEZ RIVERA:  Yes.
20            THE COURT:  Mr. Maldonado?
21            DEFENDANT MALDONADO RODRIGUEZ:   Yes.
22            THE COURT:  Mr. Gonzalez?
23            DEFENDANT GONZALEZ PEREZ:  Yes.
24            THE COURT:  You should know that the sentence for the
25   guns in this case must run consecutive to the sentence for the
```

1    drugs, because the law so says.

2         Do you understand that, Mr. Rodriguez?

3         DEFENDANT RODRIGUEZ RIVERA:  Yes.

4         THE COURT:  Mr. Maldonado?

5         DEFENDANT MALDONADO RODRIGUEZ:   Yes.

6         THE COURT:  Mr. Gonzalez?

7         DEFENDANT GONZALEZ PEREZ:  Yes.

8         THE COURT:  Okay.  Any sentence imposed in a Federal

9    case is subject to appeal normally.  You could appeal.  The

10   government could also do the same thing, appeal.

11        Sentences have to be legal.  If the sentence is

12   illegal for some reason, either side could appeal.

13        You may be required under some circumstances to waive

14   your right to appeal as part of your plea bargaining process,

15   part of your Plea Agreement.

16        Do you understand that, Mr. Rodriguez?

17        DEFENDANT RODRIGUEZ RIVERA:  Yes.

18        THE COURT:  Mr. Maldonado?

19        DEFENDANT MALDONADO RODRIGUEZ:   Yes.

20        THE COURT:  Mr. Gonzalez?

21        DEFENDANT GONZALEZ PEREZ:  Yes.

22        THE COURT:  In this kind of case, the Court usually

23   ends up dealing with sentencing recommendations.  The

24   recommendation can be contained in the Plea Agreement that

25   we're going to discuss in a minute.  It can come later from

1   your lawyer or from the government or from both the government

2   and the lawyer together.

3           It may even come from a party that is not here today,

4   which is the probation department.  The probation department

5   can come up with a recommendation, too.

6           The important thing is this, the recommendations are

7   just that, recommendations.  I will study them.  I will look

8   into them.  If I think that they are in keeping with what

9   happened, I may follow them.  If I think that the

10  recommendations do not track the facts of the case for some

11  reason, then I don't have to follow those recommendations.

12          The point is I retain a lot of discretion in crafting

13  a sentence.  Do you understand that, Mr. Rodriguez?

14          DEFENDANT RODRIGUEZ RIVERA:  I understand.

15          THE COURT:  Mr. Maldonado?

16          DEFENDANT MALDONADO RODRIGUEZ:   Yes.

17          THE COURT:  Mr. Gonzalez?

18          DEFENDANT GONZALEZ PEREZ:  Yes.

19          THE COURT:  Regarding the drug count and the

20  guidelines, you should know that the Court also retains the

21  discretion to sentence above the guidelines or under the

22  guidelines.  Of course everything's subject to appeal, like I

23  expressed to you before.

24          Understood, Mr. Rodriguez?

25          DEFENDANT RODRIGUEZ RIVERA:  Yes.

```
 1            THE COURT:  Mr. Maldonado?

 2            DEFENDANT MALDONADO RODRIGUEZ:   Yes.

 3            THE COURT:  Mr. Gonzalez?

 4            DEFENDANT GONZALEZ PEREZ:  Yes.

 5            THE COURT:  You have to serve also a term of

 6    supervised release that starts after you're released from

 7    prison.  It's governed by terms and conditions of good

 8    behavior.  If you comply, fine.  No problem.  If you do not

 9    comply with the terms and conditions of your supervision, and

10    the Court gets to know, then of course we can call you in,

11    revoke your supervision, and call you back to serve additional

12    time under that.

13            Understood, Mr. Rodriguez?

14            DEFENDANT RODRIGUEZ RIVERA:  Yes.

15            THE COURT:  Mr. Maldonado?

16            DEFENDANT MALDONADO RODRIGUEZ:   Yes.

17            THE COURT:  Mr. Gonzalez?

18            DEFENDANT GONZALEZ PEREZ:  Yes.

19            THE COURT:  Even though supervision in the gun count

20    is five years, the drug count is supervision of ten years, and

21    we're going to consolidate it and make it one, so actually

22    it's going to be ten years.

23            Do you understand that, Mr. Rodriguez?

24            DEFENDANT RODRIGUEZ RIVERA:  Yes.

25            THE COURT:  Mr. Maldonado?
```

1    DEFENDANT MALDONADO RODRIGUEZ:   Yes.

2    THE COURT:  Mr. Gonzalez?

3    DEFENDANT GONZALEZ PEREZ:  Yes.

4    THE COURT:  Very well.  Has somebody threatened you

5  or forced you in any way to plead guilty in this case?

6  Mr. Rodriguez?

7    DEFENDANT RODRIGUEZ RIVERA:  No.

8    THE COURT:  What about you, Mr. Maldonado?

9    DEFENDANT MALDONADO RODRIGUEZ:   No.

10    THE COURT:  What about you, Mr. Gonzalez?

11    DEFENDANT GONZALEZ PEREZ:  No.

12    THE COURT:  Very well.  Let's discuss your Plea

13  Agreements now.  I have them here.  The Plea Agreements first

14  say that the three of you are pleading guilty to two counts,

15  Count I for drugs, Count VI for firearms.  Then the Plea

16  Agreement talks about the statutory penalties for both counts.

17  I explained those to you today here.

18    Then the Plea Agreements talk about the use of the

19  sentencing guidelines, mainly for the drug count.  And that

20  there is a special monetary assessment that you will pay into

21  a victim's compensation fund.   That there may be a fine.

22  That there can also be an Order of Restitution.  Restitution

23  is nothing else but the payment of damages to a victim if such

24  a thing is brought before the Court, that some victim suffered

25  damages and they are quantifiable.

1          Is that understood by the three of you?

2          DEFENDANT RODRIGUEZ RIVERA:  Yes.

3          THE COURT:  Mr. Maldonado?

4          DEFENDANT MALDONADO RODRIGUEZ:   Yes.

5          THE COURT:  Mr. Gonzalez?

6          DEFENDANT GONZALEZ PEREZ:  Yes.

7          THE COURT:  Okay.  The Plea Agreement then continues

8    and talks about the guidelines.  And each one of you has a

9    tentative guideline calculation table here that I will discuss

10   with you.

11         Mr. Rodriguez, yours starts with a base offense level

12   of 24, because you're going to be held responsible for at

13   least 500 grams but less than two kilograms of powder cocaine.

14         Do you understand that?

15         DEFENDANT RODRIGUEZ RIVERA:  I understand.

16         THE COURT:  Then the protected location adjustment

17   will be put in.  That's a plus two.  That's the housing

18   project rule, the 1,000 foot rule that I mentioned.

19         Then you're going to get a two point upward

20   adjustment for supervisory role.  Supervision in this kind of

21   case goes from plus two to plus four.  You're getting the

22   lowest, plus two.  Do you understand that?

23         DEFENDANT RODRIGUEZ RIVERA:  I understand.

24         THE COURT:  You're going to get three points for

25   acceptance of responsibility in this case.  Three.  Do you see

1    it?

2              DEFENDANT RODRIGUEZ RIVERA:  Yes.

3              THE COURT:  So your adjusted base offense level

4    should be 25 for the drugs.  There's no stipulation regarding

5    your criminal history.  We don't know what your criminal

6    history is.  That's why the table has a number of sentencing

7    ranges, if you see it, starting with 57 months all the way to

8    137 months, with the understanding that even under this table,

9    the statutory mandatory minimum is going to be at least 60

10   months.

11             Do you understand that, sir?

12             DEFENDANT RODRIGUEZ RIVERA:  (Nodding head up and

13   down.)  Yes.

14             THE COURT:  The sentencing recommendation that I see

15   here is that for the drugs, you be sentenced to -- you're

16   going to request the lower end of the guidelines for the drugs

17   in consideration of the facts, also a 60 month mandatory

18   minimum, plus a 60 month consecutive sentence for the

19   firearms.  So it's basically not less than 120 months.

20             Do you understand that?

21             DEFENDANT RODRIGUEZ RIVERA:  I understand.

22             THE COURT:  And remember that Count VI is consecutive

23   to Count I.  Correct?  Understood?

24             DEFENDANT RODRIGUEZ RIVERA:  I understood.

25             THE COURT:  In the case of Mr. Maldonado, you start

1    with a base offense level of 28, because in your case the drug

2    is cocaine, but it's at least 3.5 kilograms, correct?

3              DEFENDANT MALDONADO RODRIGUEZ:  Yes.

4              THE COURT:  There's a mistake here.  It's not grams.

5    And not more than five kilograms of cocaine.  You also get the

6    two point increase for the housing project rule, the 1,000

7    foot rule.  You get a supervisory adjustment role of plus two,

8    which is the lowest of them all.  You get a three point

9    adjustment for acceptance of responsibility.  And you end up

10   with an adjusted base offense level of 29.

11             Now, depending on your criminal history, your

12   sentence goes anywhere from 87 to 188 months, with the

13   understanding that there is always a 60-month statutory

14   mandatory minimum.  And that you will receive a sentence

15   recommendation to the effect that you will be asking for the

16   lower end of the applicable guideline range.  The Court can

17   sentence you anywhere within the guideline range.  And there

18   is also a 60-month consecutive sentence for the firearms.

19             Do you understand that, sir?

20             DEFENDANT MALDONADO RODRIGUEZ:  Yes.

21             THE COURT:  Mr. Gonzalez, in your case you start with

22   a base offense level of 30.  Why?  Because you are being held

23   responsible for at least five kilograms, less than 15

24   kilograms of cocaine.  You also have a two-point adjustment

25   upward for the housing project location.  The 1,000 foot rule.

1    You have a plus two for supervisory role, which is the lowest

2    of all the supervisory role adjustments.  You also have a

3    three point reduction for acceptance of criminal

4    responsibility.  Your adjusted base offense level is 31.

5           We don't know what your Criminal History Category is.

6    That's why the table tells you that you go anywhere from 108

7    to 135 months, with the understanding that in your case the

8    statutory minimum is still ten years, 120 months, with 60

9    months consecutive for the firearms.

10          Do you understand that, sir?

11          DEFENDANT GONZALEZ PEREZ:  Yes.

12          THE COURT:  In the case of Mr. Rodriguez, you seem to

13    have had some firearms cases in Arecibo Supreme Court.

14          MR. LINCOLN:  Your Honor, may I say one thing?

15          THE COURT:  Yes.

16          MR. LINCOLN:  The case numbers may be wrong.  We have

17    to double check them and correct them.

18          THE COURT:  Well, let me make a note here, note,

19    verify --

20          MR. LINCOLN:  I believe they're all from 2008.

21          THE COURT:  -- Arecibo docket numbers.  Okay.

22          MR. LINCOLN:  Yes.  We'll find something.

23          THE COURT:  The point is this, sir, the point is the

24    stipulation appears to be that you have some firearms

25    convictions in Arecibo.  And that there is going to be an

1  allegation by your lawyer, basically, that that conduct may be

2  relevant to this case that you're pleading guilty to.  In

3  which case, if that is the situation, the sentence in this

4  case should be, as to the firearms in Arecibo, concurrent with

5  that sentence that you got there.

6         However, the government is reserving the right to

7  argue the contrary.  And of course I will have to decide that.

8         Do you understand that?

9         DEFENDANT RODRIGUEZ RIVERA:  Yes, I do.

10         THE COURT:  Okay.  Both of you --

11         MR. LINCOLN:  Well, it is agreed that it is.

12         THE COURT:  Hmm?

13         MR. LINCOLN:  It is agreed that it is relevant

14  conduct.

15         THE COURT:  It is agreed that it is relevant?

16         MR. LINCOLN:  Yes.

17         THE COURT:  What is it, the United States reserves

18  the right to ask for concurrency to defendant's local

19  convictions or not at sentencing --

20         MR. LINCOLN:  I don't know, because before that it

21  says that it should be.

22         THE COURT:  Right.  Is that surplusage?

23         MR. VERONDA:  No, Your Honor.  I think in addition to

24  asking for concurrency to the undischarged term, I believe

25  that refers to the discharged term from the sentence from

1  Arecibo.  So the defense can ask for concurrency with the

2  discharged portion of state court, and we reserve the right to

3  ask concurrency or not for the discharged term.  The

4  undischarged term is automatic if the Court agrees it is

5  relevant conduct.

6            THE COURT:  Well, that is something that irrespective

7  of what you people agree to, that is determined by law and by

8  principles.  So that's what we will use, the principles that

9  apply to this situation.  This is not a matter of what you

10 think.  It's what it is.  Okay?

11           MR. LINCOLN:  I understand.

12           THE COURT:  All of you are waiving your right to

13 appeal if you are sentenced according to these stipulations.

14 You will not be seeking any further adjustments or departures.

15 The government will not do that either.  Only the Court can do

16 adjustments or departures, if there is a real reason for that.

17           All of you are saying that you are satisfied with the

18 services that your lawyers are rendering, and that all of you

19 are waiving the rights that I mentioned:  Trial by jury;

20 presumption of innocence; the correct burden of proof, which

21 is proof beyond a reasonable doubt without having to prove

22 innocence; the right to a public trial with confrontation,

23 legal assistance, objection to evidence; the right to present

24 evidence; the right to remain silent or to testify; and if you

25 remain silent, there is no adverse inference.  All of that.

1        Do you understand that, Mr. Rodriguez?

2        DEFENDANT RODRIGUEZ RIVERA:  Yes.

3        THE COURT:  Mr. Maldonado?

4        DEFENDANT MALDONADO RODRIGUEZ:  Yes.

5        THE COURT:  Mr. Gonzalez?

6        DEFENDANT GONZALEZ PEREZ:  Yes.

7        THE COURT:  This is your entire Plea Agreement.

8   Nothing else has been promised to you.  Any pending count

9   against you will be dismissed.

10        And the three of you also signed a short version of

11   facts that serves as the basis for the -- as a factual basis

12   for the plea.  Basically, what you are stipulating in writing

13   under your signature is that indeed a conspiracy existed in

14   this area of the island, in Manati, in these housing projects.

15   That the conspiracy, it's possible that it started around the

16   year 2000 and ended in 2015.  It doesn't mean that you were

17   members all that time.  It only means that that is the life of

18   the conspiracy.

19        That it was in Manati.  That housing projects owned

20   by public housing authorities were involved where distribution

21   took place.  Distribution happened within those projects or

22   within 1,000 feet of those projects.

23        That the substances that the conspiracy dealt with

24   was -- were at least one kilo of heroin; at least 280 grams of

25   crack cocaine; five kilos or more of cocaine; 100 kilos or

1  more of marijuana; plus the pills, Xanax and Percocet.

2          And that all of you acted knowingly, willfully and

3  unlawfully in joining this conspiracy.  And that you used and

4  carried firearms in furtherance of this drug trafficking

5  crime.

6          The distribution of narcotics, according to the

7  papers, it's possible it happened at the Enrique Zorilla

8  Public Housing Project; at Los Morales Public Housing Project;

9  in some wards of the Manati, Arecibo area, Barceloneta area,

10 the Cortes ward, San Jose ward, Aqueducto ward; also at a

11 public housing projects known as the VB Public Housing

12 Project; at the Villas De Florida Public Housing Project in

13 the Municipality of Florida.  That there was significant gain.

14         In the case of you, Mr. Rodriguez, you acted as a

15 drug point owner, and you owned the five dollar cocaine until

16 you were sentenced to jail in a local case.  Another member of

17 the conspiracy was given the seal, the stamp for the five

18 dollar cocaine, after you were sentenced to jail as a drug

19 point owner.

20         You would be responsible for taking the narcotics,

21 the processing, the preparation, the sales at the drug points.

22 You would collect proceeds, pay street sellers.

23 Multi-kilogram quantities were distributed throughout the

24 years.  And you have a stipulation regarding how much drug

25 you're responsible for.

```
 1              Is that what happened, Mr. Rodriguez?

 2              DEFENDANT RODRIGUEZ RIVERA:  Yes.

 3              THE COURT:  In the case of Mr. Maldonado, you

 4    stipulate basically the same thing with the addition that

 5    aside from participating in drug conspiracy, you also used and

 6    carried firearms.  And that the distribution was in the places

 7    that I mentioned before.

 8              You also acted as a drug point owner.  You were the

 9    owner of the Cortes ward drug point located in Manati.  As a

10    drug point owner, you would be responsible of course for

11    obtaining the narcotics, for processing them, preparing them

12    for sale, collecting proceeds, et cetera.  You would also use

13    and carry firearms during the term of this conspiracy in

14    furtherance of the conspiracy.

15              You have a stipulation for how much drugs you're

16    responsible for.  Do you understand that, sir?  Is that what

17    happened?

18              DEFENDANT MALDONADO RODRIGUEZ:  Yes.

19              THE COURT:  And in the case of Mr. Gonzalez, you also

20    stipulate exactly the same thing that I have been discussing

21    with the three of you, with the caveat that in your case, in

22    addition to that, you acted as a leader of the drug

23    trafficking organization.  You directly controlled and

24    supervised activities, drug selling activities at V&B Public

25    Housing Project in Barceloneta, and in the San Jose ward, and
```

1    also at Villas De Florida Public Housing Project in Florida.

2    You would also carry firearms.  Multiple kilos of drugs of the

3    different kinds were sold.  You also have a stipulation

4    regarding narcotics.

5              Is that what happened, sir?

6              DEFENDANT GONZALEZ PEREZ:  Yes.

7              THE COURT:  Has somebody promised you anything else

8    aside from what appears in these papers in order to induce you

9    to plead in this case?

10             MR. GAZTAMBIDE:  Your Honor, we just want to note in

11   the case of Mr. Rodriguez, from the statement of facts, it

12   should specify that he was the owner of the marijuana in

13   Cortes.

14             THE COURT:  Let me review that.

15             MR. GAZTAMBIDE:   One of the labels of the marijuana.

16   That is missing from the statement of facts.

17             THE COURT:  In the case of Mr. Maldonado, I don't see

18   the reference to marijuana, but I do know that the calculation

19   that he used for his plea is cocaine.

20             MR. GAZTAMBIDE:  It is, Your Honor.  We just want to

21   be clear as to --

22             THE COURT:  Let me make a note here.  I will make a

23   note for purposes of the probation department, page 12, note,

24   Counsel claims that the product or substance, namely sold by

25   Mr. Maldonado, was marijuana.  Correct?

```
 1              MR. GAZTAMBIDE:  Yes.  One of the labels of
 2    marijuana, Your Honor.  We've conferred with AUSA Veronda
 3    regarding this matter.
 4              THE COURT:   However, the plea is conceived in a
 5    conspiracy mode for cocaine.  Okay?  Let me put my initials on
 6    there.
 7              DEFENDANT MALDONADO RODRIGUEZ:   That's right, Your
 8    Honor.
 9              THE COURT:  Very well.  Has anybody promised you
10    anything else aside from what appears in these papers to
11    induce you to plead, the three of you?  No?
12              DEFENDANT RODRIGUEZ RIVERA:  No.
13              THE COURT:  No more promises?
14              DEFENDANT MALDONADO RODRIGUEZ:   No.
15              DEFENDANT GONZALEZ PEREZ:  No.
16              THE COURT:  No.  No.  No.  Very well.
17              I will order PSIs, presentence investigation reports,
18    and I will sentence the three of you on November 4 at 9:30 AM.
19              MR. ADAMS:  Your Honor.
20              THE COURT:  Yes.
21              MR. ADAMS:  If I may, Your Honor, lately the
22    department of -- the U.S. Probation Department has been acting
23    very quickly as to the interviews, and I note that next week
24    there is a flight leaving the MDC.  I would like for him to
25    stay here until he is --
```

```
1              THE COURT:  Diana is telling me that the space at MDC
2    is a very, very difficult situation.  Now, I want them to be
3    interviewed before they leave.
4              MR. ADAMS:  Thank you, Your Honor.
5              THE COURT:  So what we should do is we should arrange
6    for probation to have them interviewed today.  Today or
7    tomorrow at the latest.  They should be interviewed today.
8              Make certain, Diana, you notify probation that these
9    three individuals need a prompt interview.  Okay.
10             COURTROOM DEPUTY:  Yes.
11             MR. ADAMS:  I know that the next flight is not
12   tomorrow, is next Thursday.  That there is a flight.
13             THE COURT:  I have no idea.  I know that the
14   situation at MDC is critical.  We just had a case of 105
15   defendants.  But I think that we should do that interview
16   before they leave.
17             MR. ADAMS:  Yes, sir.
18             THE COURT:  Okay.  Very well.  Thank you.
19             MR. ADAMS:  Your Honor, may I give a copy of the Plea
20   Agreement to the defendant?
21             THE COURT:  If he wants to have a copy, I don't
22   care.
23             (At 2:47 PM, proceedings concluded.)
24                          *      *      *
25
```

```
 1   U.S. DISTRICT COURT     )

 2   DISTRICT OF PUERTO RICO)

 3

 4       I certify that this transcript consisting of 38 pages is

 5   a true and accurate transcription to the best of my ability of

 6   the proceedings in this case before the Honorable United

 7   States District Court Judge José Antonio Fusté on July 29,

 8   2015.

 9

10

11

12

13   S/ Amy Walker

14   Amy Walker, CSR 3799

15   Official Court Reporter

16

17

18

19

20

21

22

23

24

25
```